**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
ALEXANDER MESSINA, et al.,
                                        Plaintiff,

                                                                    **ORDER**

        - against -
                                                                    CV 06-1698 (FB) (JO)

STEVENS APPLIANCE TRUCK CO.,
                                        Defendant.
--------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

        Plaintiffs Alexander and Lori Messina (collectively, the "Messinas") filed this personal

injury action against defendants Stevens Appliance Truck Co. ("Stevens") and New Haven

Moving Equipment Corporation ("NHMEC") in the Supreme Court of the State of New York,

County of Queens, on November 21, 2005.  *See* Docket Entry ("DE") 1 (including Notice of

Removal ("Notice"), Summons, and the plaintiffs' Complaint).  On April 12, 2006, Stevens alone

filed a notice of removal pursuant to 28 U.S.C. § 1446 seeking to remove the case to this court.

For the reasons set forth below, I find that Stevens has not satisfied its burden of establishing that

this court has original jurisdiction, and in particular has failed to sufficiently demonstrate that the

amount in controversy exceeds $75,000.  I therefore order the action summarily remanded to the

state court in which it was filed pursuant to 28 U.S.C. § 1446(c)(4).  *See generally DeMarco v.*

*MGM Transport, Inc.*, 2006 WL 463504 (E.D.N.Y. Feb. 24, 2006).

        A.        Removal Procedures Generally

        A defendant may remove from state court to federal court any civil action of which the

federal court has original jurisdiction. 28 U.S.C. § 1441(a).  Upon such removal, the federal court

in which the notice is filed must "promptly" examine it.  *Id*. § 1446(c)(4).  "If it clearly appears

on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.*

Where, as in this case, a defendant relies on 28 U.S.C. § 1332 as the source of the receiving court's purported original jurisdiction, it must establish that the requirements of the statute have been met. Specifically, it must demonstrate that the parties are citizens of diverse states and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The removing party bears the burden "of proving that it appears to a 'reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 304-305 (2d Cir. 1994). A federal court considering the propriety of such a removal should first look to the allegations of the complaint and then to the notice of removal to determine whether the amount in controversy requirement is met. *See Davenport v. Procter & Gamble*, 241 F.2d 511, 514 (2d Cir. 1957).

B.     The Effects Of New York's Procedural Law On Removal To Federal Court

The Messinas' complaint does not specify the amount of damages they seeks, and for good reason: New York law now forbids the inclusion of such an *ad damnum* clause in a personal injury action like this one. *See* N.Y. C.P.L.R. § 3017(c). As a result, the complaint uses boilerplate language to assert only that Mr. Messina sustained certain injuries; that his wife has been deprived of his services, society, companionship, and consortium; and that the resulting damages to each plaintiff exceed the relevant jurisdictional limit of the lower courts. *See* Complaint ¶¶ 69-70, 76, 79, 88 (an apparently misnumbered paragraph that appears between paragraphs 85 and 87, hereafter referred to as ¶ 86), 88, 91-92. The jurisdictional requirement to which the plaintiffs refer is no more than $25,000. *See* N.Y. Const., art. VI.

2

In describing Mr. Messina's injuries, the Complaint's most specific allegation, repeated in each of the first three counts, is that he was "rendered sick, sore, lame and disabled, and has sustained serious, severe and disabling injuries of a permanent and lasting nature." Complaint ¶¶ 69, 76, 86. Although I can infer from the latter description that the Messinas may seek a substantial recovery if they can establish Stevens' liability, I cannot conclude from their boilerplate allegations that the amount in controversy necessarily exceeds $75,000. The complaint alone therefore provides insufficient information to "intelligently ascertain removability." *See DeMarco*, 2006 WL 463504 at *1 (citing *Setlock v. Renwick*, 2004 WL 1574663 (W.D.N.Y. May 21, 2004) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-206 (2d Cir. 2001))).

The Notice provides no additional detail about the specific damages sought; it merely makes the conclusory assertion that "[u]pon information and belief, the amount in controversy exceeds $75,000 exclusive of costs." Notice at 2. Such pleading cannot satisfy the removing party's burden to establish the amount in controversy. *See DeMarco*, 2006 WL 463504 at *2 (citing *United Food & Commercial Workers Union*, 30 F.3d at 304-305). As there is no other evidence in the record, Stevens has not met its burden of establishing to a reasonable probability that the claim is in excess of the jurisdictional minimum.

Stevens is not without recourse. The same state law provision that prohibited the Messinas from including an allegation in their complaint that might support a sufficient notice of removal also provides a procedural mechanism by which Stevens can ascertain the existence of facts necessary to invoke federal diversity jurisdiction:

3

> A party against whom an action to recover damages is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled. A supplemental demand shall be provided by the party bringing the action within fifteen days of the request.

N.Y. C.P.L.R. § 3017(c); *see DeMarco*, 2006 WL 463504 at *2 (citing *Whitaker*, 2004 WL 1574663 at *2).

Nor is Stevens prejudiced by the necessity of making such a "supplemental demand" with respect to the timing of a removal notice. A defendant must normally file a notice of removal within 30 days of receiving the "initial pleading." 28 U.S.C. § 1446(b).[1] The same subsection provides, however, that "[i]f the case as stated by the initial pleadings is not removable," which is true here and presumably in all personal injury actions filed consistent with the current version of C.P.L.R. § 3017(c), the 30-day period for seeking removal only begins when the defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*; *see DeMarco*, 2006 WL 463504 at *2 (citing *Whitaker*, 2004 WL 1574663 at *2). Where the response to a supplemental demand under C.P.L.R. § 3017(c) asserts damages in excess of $75,000, that response is a "paper" that allows the defendant to seek removal within 30 days. *See DeMarco*, 2006 WL 463504 at *2 (citing *Schultz v. Office Depot, Inc.*, 2004 WL 1598829 (W.D.N.Y. Jul. 16, 2004); *Gonzalez v. Rajkumar*, 2005 WL 1593008, *3 (S.D.N.Y. Jul. 6, 2005)).[2]

---

[1] Although the Complaint was filed in November 2005 (one day shy of the third anniversary of the incident at issue, *see* Complaint ¶ 64), Stevens asserts in its Notice that it received the pleading on March 20, 2006. Notice at 1. For purposes of assessing the propriety of removal, I therefore assume the Notice was timely filed.

[2] A further question about the propriety of removal in this case is raised by Stevens' silence regarding the status of its codefendant, NHMEC. The face of the Complaint suggests that the latter party was served via the Secretary of State of Connecticut. If NHMEC has been served,

C.    The Propriety Of Summary Remand

The plain language of 28 U.S.C. § 1446(c)(4) requires summary remand under the facts

of this case.  That result is not only a statutory command, however; it also makes sense.

Requiring Stevens to seek supplemental information under state law before attempting to remove

the case places no meaningful burden on it that it will not in any event bear.  At some point in

this litigation, whether it proceeds in this court or another, and whether it settles or proceeds to a

judicial disposition, Stevens will need to find out the extent of the damages that the Messinas

claim to have sustained.  I decide no more than that it must seek out that information before

coming to this court, not after.  If it learns that the Messinas seek damages in excess of $75,000,

Stevens may return the case to this court and the Messinas will have to bear the burdens

associated with that removal.  On the other hand, if it turns out to be the case that the Messinas

do not claim more than $75,000 in damages, then the case will properly remain in state court –

and this court will not be burdened with overseeing discovery of a dispute that was never

properly before it.  *DeMarco*, 2006 WL 463504 at *3.

Finally, assuming that this case must be summarily remanded, there remains the question

whether I can enter such an order consistent with the limitations of a magistrate judge's authority

under 28 U.S.C. § 636, or may instead do no more than recommend that the assigned district

judge take such action.  For reasons I have explained elsewhere, I conclude that I do have the

---

then Stevens may not remove the case to this court without the consent of its codefendant even if
it can establish a basis for federal diversity jurisdiction.  If the state court docket suggests that
NHMEC has not yet been served, then Stevens need not obtain its consent but should have noted
that fact in its removal notice.

requisite authority to enter an order of remand.  *See Meier v. Premier Wine & Spirits, Inc.*, 371

F. Supp.2d 239, 241-44 (E.D.N.Y. 2005).

   D. <u>Conclusion</u>

   For the reasons set forth above, I order that this case be remanded to the Supreme Court

of the State of New York, Queens County.

   **SO ORDERED.**

Dated: Brooklyn, New York
   April 13, 2006

        <u>/s/ James Orenstein</u>
        JAMES ORENSTEIN
        U.S. Magistrate Judge